UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THE ST. JOE COMPANY,

        Plaintiff,

vs.                                  Case No.  3:05-cv-1266-J-25MCR

LIBERTY MUTUAL INSURANCE COMPANY,

        Defendant.

_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel Defendant to Produce Documents Responsive to Plaintiff's First Request for Production and to Provide Answers to Plaintiff's First Set of Interrogatories (Doc. 22) filed October 6, 2006.

## I.  BACKGROUND

The instant litigation involves an insurance coverage dispute.  Plaintiff filed a Complaint for Declaratory Relief and Damages on December 14, 2005.  (Doc. 1). Plaintiff contends Defendant owes it a duty to defend or indemnify it in relation to an underlying law suit pending in the Circuit Court of the 14th Judicial Circuit, in and for Gulf County, Florida ("the Leslie Action").  The Leslie Action is an action concerning the release of hazardous wastes in a subdivision located in Gulf County, Florida and the exposure of the residents to the hazardous wastes.  Plaintiff is a defendant in the Leslie Action.

-1-

Plaintiff argues Defendant's duty to defend or indemnify it arises from the general liability insurance coverage Defendant provided to Plaintiff, and/or its predecessors in interest, for the years 1938 through 1992.  This case is complicated by the fact that Plaintiff cannot locate copies of the insurance policies, although Plaintiff represents it has some evidence, i.e., declaration pages and circumstantial evidence, of some of the policies.

On May 2, 2006, Plaintiff served Defendant with its First Request for Production of Documents and First Set of Interrogatories.  On June 15, 2006, Defendant served Plaintiff with its verified responses and objections.  Defendant objected to many of Plaintiff's requests and Plaintiff believes numerous responses were not sufficiently complete.  After attempting to resolve their differences, Plaintiff filed the instant Motion to Compel on October 6, 2006.  On October 19, 2006, Defendant filed its response (Doc. 34).  Accordingly, the matter is now ripe for determination.

## II. DISCUSSION

Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court.  See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).  The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and

therefore embody a fair and just result.  See United States v. Proctor & Gamble Co.,
356 U.S. 677, 682, 78 S.Ct. 983 (1958).  Discovery is intended to operate with minimal
judicial supervision unless a dispute arises and one of the parties files a motion
requiring judicial intervention.  Furthermore, "[d]iscovery in this district should be
practiced with a spirit of cooperation and civility."  Middle District Discovery (2001) at 1.

     In the instant case, Plaintiff claims a number of Defendant's responses to its
discovery requests are deficient.  Essentially, Plaintiff disputes Defendant's objections
to two categories of documents: (1) documents pertaining to Defendant's claims file,
and (2) documents which explain the meaning of the terms "pollution exclusion" and
"standard form general liability policy."  (Doc. 22, p. 2).   Defendant objected to Plaintiff's
requests with both general and specific objections, as discussed more fully below.

## A.     Defendant's General Objections

     Defendant objected generally to each of Plaintiff's requests which seek
information beyond Plaintiff's claim that it was afforded general liability insurance from
1938 to 1992.  Defendant points out that Plaintiff, in its Complaint, limited its claims for
coverage to general liability policies for the years 1938 through 1992.  Defendant thus
argues Plaintiff's Requests for Production 4, 15, and 16 and Interrogatory 21, are overly
broad and not relevant to Plaintiff's claims because they do not limit the documents they
seek to those concerning the purported general liability policies; nor do they limit the
requests to the years 1938 through 1992.   Moreover, Defendant notes Plaintiff's
Interrogatories 22, 23, 24 and 25 also fail to contain a time limitation, as they request
information from 1938 to the present.  Defendant claims it should not be required to

provide responses to Requests for Production and Interrogatories which seek discovery beyond general liability coverage for the years 1938 through 1992 because such discovery is not relevant to Plaintiff's claims.[1]

Federal Rule Civil Procedure 26(b)(1) specifies the scope of discovery is discovery of any matter, not privileged, that is relevant to the claim or defense of any party.  Defendant is correct that Plaintiff's Complaint specifically limits the issue in this case to whether general liability insurance policies, including comprehensive general liability and commercial liability policies, issued by Defendant for the years 1938 through 1992 obligated Defendant to defend or indemnify Plaintiff's claims involving the Leslie Action.  As such, Plaintiff's discovery requests which seek information for policies other than general liability policies, including comprehensive general liability and commercial liability policies, for years beyond 1938 through 1992 are not relevant to this case. Therefore, Defendant is only required to provide responses to Plaintiff's discovery requests which seek information concerning general liability and commercial liability policies from 1938 through 1992.

**B.    Defendant's Specific Objections**

In addition to asserting general objections, Defendant also objected to several of Plaintiff's Requests for Production and Interrogatories on the specific grounds discussed below.

**1.    Discovery relating to Defendant's claims file**

---

[1] Defendant appears to have abandoned its objections that the requests for production and interrogatories are vague, ambiguous and compound, as it fails to address these contentions in its response to Plaintiff's Motion to Compel.

In Requests for Production Nos. 4, 8, 12, 15 and 16, Plaintiff seeks documents from Defendant's claim file.  Defendant objects to each of these requests on the basis that, *inter alia,* the claims file is protected until the issue of coverage is determined.  Defendant also objects to some of these requests on the basis of the attorney-client privilege and/or the work product doctrine.  This Court will address each of these objections separately.

### a.    Whether the entire claims file is protected

Defendant argues its claims handling practices are not relevant to the issue of coverage until a decision has been rendered regarding whether coverage exists.  (Doc. 34, p. 5).  Defendant cites an opinion authored by the undersigned in support of this contention.  In Dennis v. Northwestern Mut. Life Ins. Co., No. 3:06-cv-43-J-20MCR, 2006 WL 1000308 (M.D. Fla. 2006), this Court noted that under Florida law the issue of *improper* claims handling is not relevant to the issue of coverage.  By ignoring the fact that in Dennis this Court considered allegations of improper claims handling, as opposed to general discovery of an insurer's claims file, Defendant interprets Dennis too broadly and mistakenly assumes an insurer's claims file cannot lead to relevant information concerning coverage.

In Dennis, the Court was faced with the issue of whether to strike various allegations of bad faith.  The Court struck the bad faith allegations after a thorough review of Florida law which clearly holds that a party may not assert a first-party claim for bad faith against an insurer until the insured has proven liability in the underlying contractual claim.   Id. at *2.  (citations omitted).  Although in Dennis this Court cited

Florida law for the proposition that bad faith allegations are prejudicial to an insurer and in doing so cited a state court case which found an insured is not entitled to discover an insurer's claim file,[2] the citation does not reflect this Court's view on discovery of an insurer's claims file.

While several Florida courts have held that claims files are off limits until coverage has been proven, federal courts regularly permit discovery of an insurer's claims file.  See e.g.  Auto Owners Ins. Co. v. Totaltape, Inc., 135 F.R.D. 199, 201-04 (M.D. Fla. 1990) (ordering production of files contained in insurer's claims file).  In fact, Florida state court cases regarding the discoverability of claims files are not binding on federal courts.  Id. at 201.

There is no all encompassing privilege which protects claims files; however, courts have found the attorney-client privilege or work product doctrine protects certain documents within an insurer's claims file.  See e.g. Connecticut Indem. Co. v. Carrier Haulers, Inc., 197 F.R.D 564, 571-72 (W.D. N.C. 2000) (finding various communications, between attorney and Plaintiff, in insurer's claims file were protected by both the attorney-client privilege and the work product doctrine).  Accordingly, Defendant's claim that Plaintiff's Requests for Production impermissibly seek information relating to claims handling prior to the Court's resolution of whether Defendant owes a duty to defend or indemnify Plaintiff is incorrect.

Plaintiff, in its discovery requests, is not seeking information as to whether

---

[2]  See Hartford Ins. Co. v. Mainstream Const. Group, 864 So. 2d 1270, 1272 (Fla. 5th DCA 2004).

Defendant improperly handled Plaintiff's claim; rather, Plaintiff seeks to prove Defendant

owes Plaintiff a duty to defend or indemnify it in the underlying Leslie Action.  Plaintiff's

requests seek documents which could show the existence of the lost policies and

whether Defendant breached such policies by failing to defend and indemnify Plaintiff in

the Leslie action.  Indeed, Plaintiff is correct such information is relevant to its claims in

its Complaint; information in the claims file "could reasonably lead to other matters that

could bear on, any issue that is or may be in the case." Coker v. Duke & Co., Inc., 177

F.R.D. 682, 685 (M.D. Ala. 1998).   As such, to the extent the withheld documents are

not protected by either the attorney-client privilege or the work-product doctrine, the

documents within Defendant's claims file are discoverable.

> **b.**   **Attorney-client privilege**

In its Requests for Production Nos. 8 and 12, Plaintiff seeks discovery of

Defendant's complete claims file relating to the Leslie Action and all documents

concerning the Leslie Action, including notes, logs, minutes, memoranda, or other

documents reflecting meetings, discussions or deliberations with any third party.  (Doc.

22, p. 3).  In addition to objecting to these requests on the basis that the discovery of

Defendant's claims file is improper, Defendant also asserted the attorney-client privilege

and/or the work-product doctrine as a basis for not producing various documents

identified in its Privilege Log.[3]  (Doc. 34, pp. 7-8).

Defendant argues Plaintiff's requests, on their face, demonstrate Plaintiff is

---

[3] Defendant recently served Plaintiff with an Amended Privilege Log.  For purposes of deciding this Order, the Court has considered Defendant's Amended Privilege Log.

seeking information which is covered under the attorney-client privilege.  (Doc. 34, p. 8).

Moreover, Defendant argues its Privilege Log clearly demonstrates some of these

documents fall within the attorney-client privilege.  Id.  Plaintiff, on the other hand,

argues Defendant has not met its burden of showing the documents requested are

covered by the attorney-client privilege because Defendant has only made bare bone

assertions that the attorney-client privilege applies.  (Doc. 22, p. 10).

Florida law governs application of the attorney-client privilege in this case. Fed.

R. Evid. 501; see also Tyne v. Time Warner Entertainment Co., L.P., 212 F.R.D. 596,

598 (M.D. Fla. 2002) (noting Fed. R. Evid. 501 mandates the law of privilege is

determined by state law and applying Florida law in analyzing the attorney-client

privilege).  Florida Statute  § 90.502 codifies the attorney-client privilege.  It states:

> A communication between lawyer and client is "confidential" if it is not
> intended to be disclosed to third persons other than:
> 1.  Those to whom disclosure is in furtherance of the rendition of legal
> services to the client.
> 2.  Those reasonably necessary for the transmission of the
> communication.

Fla. Stat. § 90.502(c).

The Florida Supreme Court has clarified the proper legal standards used to

determine whether the attorney-client privilege has been satisfied in the corporate

context.  Southern Bell Tel. Co. v. Deason, 632 So. 2d 1377, 1383 (Fla. 1994).  Both

parties are correct in their citation of the subject-matter test set forth in Southern Bell as

the proper test for use in determining whether a communication falls within the attorney-

client privilege.  In Southern Bell the Florida Supreme Court held that for a

communication to fall within the attorney-client privilege, it must satisfy five

requirements:

> (1)  the communications would not have been made but for the
> contemplation of legal services;
> (2) the employee making the communication did so at the direction of his
> or her corporate supervisor;
> (3) the superior made the request of the employee as part of the
> corporation's effort to secure legal advice or services;
> (4) the content of the communication relates to the legal services being
> rendered, and the subject matter of the communication is within the scope
> of the employee's duties; and
> (5) the communication is not disseminated beyond those persons who
> because of the corporate structure, need to know its contents.

Id. at 1383; see also Tyne, 212 F.R.D. at 599 (finding the Florida Supreme Court set

forth the applicable attorney-client privilege test in Southern Bell).  "The party invoking

the privilege has the burden of proving its existence."  Tyne, 212 F.R.D at 599.

In the instant case, Defendant states the communications in the Privilege Log

generally refer to communications between Defendant's employees and counsel which

relate to an evaluation of the documentation supporting Plaintiff's claim of coverage

from 1938 to the present.  (Doc. 34, p. 9).  Thus, Defendant claims its Privilege Log, on

its face, demonstrates all documents relating to these types of communications are

protected by the attorney-client privilege.  Id.

The attorney-client privilege is one of the oldest privileges which protects

confidential information.  See Upjohn Co. v. United States, 449 U.S. 383, 389, 101 S.Ct.

677, 682 (1981).  The purpose of the attorney-client privilege is to promote the full and

frank communications between attorneys and their clients.  Id.  The question of whether

a communication falls within the attorney-client privilege can often be a difficult one in

the insurance context because of the investigatory nature of the insurance business. Just because a communication is between an attorney and a client does not mean the privilege automatically arises; the relevant question is whether an attorney was retained to render legal services.  See Connecticut Indemnity Co. v. Carrier Haulers, Inc., 197 F.R.D. 564, 572 (W.D. N.C. 2000).  When an attorney is not acting in the capacity of a legal advisor – for instance, when an attorney is providing purely business advice – then the communications are not protected.  Tomkins Indust., Inc. v. Warren Technology, Inc., 768 So. 2d 1125, 1126 (Fla. 3d DCA 2000) (finding the record sufficient to show a letter from corporate counsel to corporate employees was for the purpose of rendering legal advise as opposed to business advice).

This Court has reviewed both Defendant's response to Plaintiff's Motion to Compel and Defendant's Privilege Log, and based on Defendant's description of the documents withheld, the Court is unable to determine whether the documents Defendant claims are protected by the attorney-client privilege are so protected.   In arguing the withheld documents are protected by the attorney-client privilege, Defendant has offered nothing more than its Privilege Log which contains inadequate general descriptions of the documents.  See CSX Transp., Inc. v. Admiral Ins. Co., No. 93-132-CIV-J-10, 1995 WL 855421 *3 (M.D. Fla. July 20, 1995) (noting conclusory descriptions in a privilege log do not sufficiently establish the elements of the attorney-client and work product privileges).

Admittedly, some of the withheld documents which are communications between counsel and Defendant's employees may in fact be communications relating to legal

services which should be protected by the attorney-client privilege; however, Defendant has failed to meet its burden of proof.  For instance, Defendant has failed to specify or allege that the communications have not been disseminated beyond those persons who because of the corporate structure, need to know its contents.  Additionally, with respect to several of the documents, Defendant has failed to provide adequate descriptions of the subject matter in order to show the communication involved legal advice as opposed to business advice or some other matter.  Likewise, Defendant has failed to adequately identify the positions of some of the author and/or recipients of the documents.

Essentially, Defendant has exerted no more than a minimal effort in attempting to persuade Plaintiff and this Court that the contested documents are privileged.   In lieu of requiring Defendant to produce all the documents it claims are protected by the attorney-client privilege, however, this Court will provide Defendant with an opportunity to sufficiently establish the application of the attorney-client privilege to the documents it has withheld under such classification in its Amended Privilege Log.  Defendant shall provide Plaintiff with any affidavits, deposition testimony or other evidence necessary to establish the elements of the attorney-client privilege with respect to these documents no later than **Monday, December 4, 2006**.  Plaintiff's counsel is then directed to meet and confer with counsel for Defendant regarding any documents it believes are improperly withheld prior to seeking further relief from the Court.  If such further relief is sought, Plaintiff is reminded that it must specifically identify the documents it claims should be produced and the alleged deficiencies in Defendant's evidentiary showing. Any such motion must be filed no later than **Friday, December 15, 2006.**

-11-

c.    **Work product doctrine**

As mentioned above, in addition to asserting the attorney-client privilege in

response to Requests Nos. 8 and 12, Defendant also argues various documents

detailed in its Privilege Log are protected by the work product doctrine.  (Doc. 34, pp. 9-

11).  Defendant states that it has already produced all documents bearing relevance on

the issue of coverage from 1938 to 1992 with the exception of those constituting its

analysis with counsel and internal preparation with respect to the instant litigation.  Id. at

9.  Defendant states as early as June 28, 2004, it was preparing a coverage position

letter denying coverage, and that it was at this point that Defendant was aware Plaintiff

would potentially bring suit.  Id. at 10.

In contrast, Plaintiff argues many of the documents in Defendant's Amended

Privilege Log were prepared prior to Defendant's denial of Plaintiff's claim on

August 4, 2004 and prior to the filing of the instant suit on December 14, 2005.  (Doc.

22, p. 17).  Moreover, Plaintiff argues the documents Defendant seeks to withhold were

prepared in the course of ordinary business, and as such, do not constitute work

product.  Id.

Claims of work product immunity are governed by Rule 26(b)(3) of the Federal

Rules of Civil Procedure, which states in pertinent part:

> [A] party may obtain discovery of documents and tangible
> things otherwise discoverable ... and prepared in anticipation
> of litigation or for trial by or for another party or by or for that
> other party's representative (including the other party's
> attorney, consultant, surety, indemnitor, insurer, or agent)
> only upon a showing that the party seeking discovery has
> substantial need of the materials in the preparation of the
> party's case and that the party is unable without undue

> hardship to obtain the substantial equivalent of the materials
> by other means. In ordering discovery of such materials
> when the required showing has been made, the court shall
> protect against disclosure of the mental impressions,
> conclusions, opinions, or legal theories of an attorney or
> other representative of a party concerning the litigation.

The work product protections of Rule 26(b)(3), however, typically apply "'only to documents prepared principally or exclusively to assist in anticipated or ongoing litigation.'" Bowne of New York City, Inc. v. AmBase Corp., 150 F.R.D. 465, 471 (S.D.N.Y. 1993) (quoting Martin v. Valley Nat. Bank of Arizona, 140 F.R.D. 291, 304 (S.D.N.Y. 1991)).  "Documents which do not refer to work product prepared by an attorney or other agent of a party to aid in forthcoming litigation, and which were generated in the ordinary course of business, are discoverable." Allendale Mut. Ins. Co. v. Bull Data Systems, Inc., 152 F.R.D. 132, 136 (N.D. Ill. 1993).  "In limiting work product to materials prepared 'in anticipation of litigation,' the drafters of Rule 26(b)(3) excluded from the rule's protection '[m]aterials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other non-litigation purposes.'"  Rule 26(b)(3), Fed.R.Civ.P. Advisory Committee Note.

"'The burden of establishing that a document is work product is on the party who asserts the claim.'"  Freiermuth v. PPG Industries, Inc., 218 F.R.D. 694, 700 (N.D. Ala. 2003) (quoting, Hodges, Grant & Kaufmann v. U.S. Government, Dept. of the Treasury, I.R.S., 768 F.2d 719, 721 (5th Cir. 1985)).  To satisfy this burden, the party asserting the privilege must make an "evidentiary showing based on competent evidence," rather than "mere conclusory or *ipse dixit* assertions." CSX Transp., Inc., 1995 WL 855421 at *1 (quoting, Bowne, 150 F.R.D. at 470) (citations omitted)).

As is the case in determining whether the attorney-client privilege exists with respect to documents in an insurer's claims file, the issue as to whether documents within a claims file fall within the work product doctrine can also be extremely difficult to ascertain. The Eleventh Circuit has yet to address the work product doctrine as applied to insurer's investigations of claims. Thus, this Court has considered the cases cited by the parties in the memoranda and has conducted its own additional research on this issue. This Court is particularly persuaded by the decision in <u>Harper v. Auto-Owner Ins. Co.</u>, 138 F.R.D. 655, 633 (S.D. Ind. 1991), as well as by Judge Glazebrook's summary of such decision which states:

> [t]he Court is persuaded by the exhaustive analysis contained in <u>Harper v. Auto-Owner Ins. Co.</u>, 138 F.R.D. 655, 633 (S.D. Ind. 1991), and its conclusion that documents or things prepared before a final decision on an insured's claim are prepared in the ordinary course of business. The Court also agrees with the rebuttable presumptions established in <u>Harper</u> that documents or things prepared before the final decision on an insured's claim are not work product, and that documents produced after claims denial are work product. <u>Id</u>. The presumption may be rebutted "by specific evidentiary proof of objective facts.

<u>Essex Builders Group Inc. V. Amerisure Ins. Co.</u>, No. 6:04-cv-1838-Orl-22JJGG, 2006 WL 1733857 *2 (M.D. Fla. June 20, 2006). Consequently, it is up to Defendant to rebut the presumption that any documents produced before the denial of Plaintiff's claim is not work product. Even with respect to documents prepared after the claim denial, Defendant must show that the documents were prepared for litigation purposes and not merely in the ordinary course of business.

Unfortunately, Defendant has not provided this Court with sufficient information to determine which documents identified in its Amended Privilege Log are protected by the

work product doctrine.   Defendant has not provided this Court with evidentiary proof of

objective facts, via affidavits or deposition testimony, that reasonable anticipation of

litigation existed at the time the document was produced and that the document was

prepared for the purpose of litigation.   See Harper, 138 F.R.D. at 663-64; see also

Totaltape, Inc., 135 F.R.D. at 201-02 (holding that the party resisting discovery on basis

of work product failed to present affidavits or other evidentiary support for its contention

that the documents were prepared in anticipation of litigation and therefore, the party

failed in meeting its burden that the documents were work product).   Because

Defendant has failed to show the documents withheld as work product are protected by

the work product doctrine, the Court will allow Defendant to provide supplemental

evidence regarding these documents to Plaintiff as directed in the discussion above

pertaining to the attorney-client privilege.

   **2.    Discovery relating to documents which explain the meaning of the terms "pollution exclusion" and "standard form general liability policy"**

In Plaintiff's Interrogatories Nos. 19 and 20, Plaintiff seeks responses to

questions relating to the "pollution exclusion" contained in Defendant's "standard form

general liability policies."   In Plaintiff's Interrogatories Nos. 19 through 25, Plaintiff asks

specific questions relating to the standard policy forms used by Defendant.   Defendant

objected to each of these interrogatories on the basis that Plaintiff has failed to define

the terms "pollution exclusion" and "standard form general liability policy."   (Doc. 34, p.

13).   Defendant argues it notified Plaintiff that there were multiple "pollution exclusions"

in its policies, but thus far, Plaintiff has refused to clarify its definition of standard form

general liability policies and has failed to specify which pollution exclusion it refers to in its Interrogatories.  Id.  Therefore, Defendant argues it is impossible for it to answer Interrogatories Nos. 19, 20, 24 and 25.  Id.

Defendant states it has, however, produced the general liability forms which contain all of the pollution exclusions for the relevant policy years and that pursuant to Fed. R. Civ. P. 33(d), such production of documents is sufficient to serve as answers to Plaintiff's interrogatories.  Defendant is correct that Fed. R. Civ. P. 33(d) authorizes Defendant to produce its business records in lieu of answering Plaintiff's interrogatories when the burden of deriving or ascertaining the answer is substantially the same for Plaintiff as for Defendant.  Because Defendant has represented it has produced all of the relevant general liability forms and because these forms contain the relevant pollution exclusions, the Court finds Defendant has met its burden with respect to Interrogatories 19, 20, 24 and 25.[4]

Accordingly, after due consideration, it is

**ORDERED**:

Plaintiff's Motion to Compel Defendant to Produce Documents Responsive to Plaintiff's First Request for Production and to Provide Answers to Plaintiff's First Set of Interrogatories (Doc. 22) is **DENIED** without prejudice in accordance with this Order.

---

[4] Both parties glossed over the sufficiency of Defendant's objections to Interrogatories Nos. 21-23.  Defendant's answers to the Interrogatories combined with the production of the relevant policies sufficiently answer these Interrogatories and thus, the Court will deny Plaintiff's Motion to Compel with respect to Interrogatories 21-23.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this __22nd__ day of

November, 2006.


_Monte C. Richardson_
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party