UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THE ST. JOE COMPANY,

    Plaintiff,

vs.                                       Case No.  3:05-cv-1266-J-25MCR

LIBERTY MUTUAL INSURANCE COMPANY,

    Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion to Enforce the Court's Order Dated November 22, 2006 (Doc. 51) filed December 15, 2006.  Defendant filed a response on December 22, 2006.  (Doc. 54).

## I. BACKGROUND

This is a case involving an insurance coverage dispute in which several of the relevant insurance policies are missing.  On November 22, 2006, after considering Plaintiff's Motion to Compel, this Court entered an Order holding that the documents contained within Defendant's entire insurance claims file were not privileged absent a finding that the attorney client privilege or work product doctrine applied to such documents.  Because Defendant had not met its burden of proof with respect to demonstrating the documents it withheld from Plaintiff were protected by the attorney-client or work product doctrine, this Court required Defendant to provide a sufficient factual and/or evidentiary basis, via affidavits, deposition testimony, or other evidence,

-1-

for the purpose of establishing that the withheld documents were protected by either the attorney-client privilege or the work product doctrine.  (Doc. 46).  In the event Plaintiff's counsel continued to question whether documents were improperly withheld, the Court directed Plaintiff's counsel to confer with Defendant's counsel in an attempt to resolve the issue.  Id.  Lastly, in the event the parties were still unable to come to an amicable solution, the Court directed Plaintiff's counsel to state with specificity the documents it claims should be produced and the alleged deficiencies in Defendant's evidentiary showing.  Id.

In response to the November 22, 2006 Order issued by this Court, Defendant provided Plaintiff with an Affidavit of Kimberly Olson ("Defendant's Affidavit") (Doc. 51-2), as well as a Second Amended Privilege Log of Documents Withheld from Responses to Plaintiff's First Request for Production (Doc. 51-3, p. 20-33).   Thereafter, Plaintiff continued to assert that Defendant has failed to meet its burden with respect to showing the documents are privileged.  The parties have corresponded with each other on several occasions in an apparent attempt to resolve their differences over the disputed documents; unfortunately, however, the parties were unable to come to a resolution, and on December 15, 2006, Plaintiff filed this Motion.

## II. DISCUSSION

As stated in its previous Order, motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court.  (Doc. 46, p. 2) (citing Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984)).  Although the Court previously denied Plaintiff's Motion to Compel, it directed Defendant to

provide additional support for its claims that the withheld documents are privileged. Now, Plaintiff again seeks an entry of an Order compelling Defendant to produce documents responsive to Plaintiff's First Request for Production of Documents and answers to Plaintiff's First Set of Interrogatories. (Doc. 51).

Defendant objects to Plaintiff's Motion for essentially three reasons: (1) the Motion is premature because Plaintiff's counsel failed to adequately confer with Defendant's counsel as to why it believes Defendant's Affidavit to be insufficient; (2) Defendant's Affidavit is sufficient to demonstrate the withheld documents are protected by either the attorney-client privilege, the work product doctrine, or both; and (3) the remainder of Plaintiff's arguments have either been disposed of by the parties themselves or have already been decided in Defendant's favor by this Court.

As an initial matter, the Court rejects Defendant's argument that Plaintiff's motion is premature; the Court has considered the correspondence between Plaintiff and Defendant (attached to Plaintiff's Motion and Defendant's response) and finds counsel for the parties did indeed exert at least some effort in attempting to resolve this dispute. Plaintiff was under some time pressure, in that it was required to file a motion by December 15, 2006, if it continued to dispute Defendant's claims of privilege. After corresponding with Defendant's counsel on several different occasions, the parties continued to disagree on the various matters now before this Court, and Plaintiff was forced to either file this motion or potentially waive any of its objections.

Although Defendant argues Plaintiff failed to specifically state why it continues to object to Defendant's Affidavit, Plaintiff stated Defendant's Affidavit falls "far short of

providing the specific, objective evidence demanded by the Court in its November 22, 2006, Order" because it contains "only legal conclusory statements lacking any objective factual support." (Doc. 51-3, p. 13). Thus, Plaintiff has informed Defendant of its objections to Defendant's Affidavit, albeit it could have been a bit more specific in its objections; nevertheless, this Court finds this matter ripe for review.

**A.    Defendant's Affidavit**

Defendant argues its Affidavit sufficiently sets forth the necessary facts to demonstrate that both the attorney-client privilege and work product doctrine apply to the documents it withheld. The Court has considered both Defendant's Affidavit and the Second Amended Privilege Log and agrees with Plaintiff that Defendant again fails to provide adequate factual and evidentiary support that the withheld documents are protected.

**i.    The Attorney-Client Privilege**

Defendant argues its Affidavit sufficiently details the facts, as set forth in Tyne v. Time Warner Entertainment Co., L.P., 212 F.R.D. 596, 598 (M.D. Fla. 2002), necessary to demonstrate the documents are protected by the attorney-client privilege. (Doc. 54, p. 4). Specifically, it argues its Affidavit contains facts demonstrating the nature of the document, who created the document, and the purpose for creating the document. Id. It is true that Defendant's Affidavit repeats recitations of the Tyne factors, however, outside conclusory statements, Defendant has failed to provide any objective factual or evidentiary basis which demonstrates the withheld documents concern legal matters as opposed to routine business advice typical to that of an insurance adjuster or process

supervisor. Moreover, Defendants' Second Amended Privilege Log contains identical subject matter descriptions for each of the withheld documents as those in the Amended Privilege Log, which the Court previously found insufficient.

As the undersigned mentioned in its previous order, this Court in CSX Transp., Inc. v. Admiral Ins. Co., No. 93-132-CIV-J-10, 1995 WL 855421 *3 (M.D. Fla. July 20, 1995) noted that conclusory statements do not sufficiently establish the elements of the attorney-client and work product privileges. In CSX Transp., Inc., the Plaintiff had submitted a privilege log describing withheld documents in conclusory terms such as "attorney-client communication for the purpose of providing legal advice concerning environmental claims. . . ." The Court found that the descriptions merely provided a general description and only established the elements of the attorney-client privilege; they did not, however, sufficiently set forth that the attorney was acting in his capacity as an attorney. Id. at *3. In fact, the Court stated "[a]t best, such descriptions state, but do not establish, that the communication related to information obtained by the attorney for the purpose of providing legal advice" and "overall, the document subject matter descriptions contained therein [are] inadequate for purposes of establishing the privileges and protections invoked." Id.

As was the case in CSX Transp., Inc., the descriptions in Defendant's Affidavit and Second Amended Privilege Log fall short of providing Plaintiff and this Court with any objective factual or evidentiary support demonstrating the withheld documents contain or refer to communications in which an attorney rendered legal advice, as opposed to business advice. Because insurance adjusters commonly perform such

tasks as examining and evaluating insurance claims and because attorneys are often retained in house or hired outside to perform such tasks for an insurance company, it is often difficult to discern whether an attorney is acting in the capacity of an attorney or as that of an adjuster/process supervisor.

Defendant has again failed to offer a sufficient basis for this Court to determine that the attorneys referred to in the Affidavit and privilege log were acting as legal advisers, rather than as claims adjusters or process supervisors. Defendant generally states that St. Joe "provided legal advice to Liberty regarding defense against a potential suit." At a minimum, it is Defendant's burden to provide this Court with some basis as to the factual circumstances surrounding the documents and to provide some type of factual or evidentiary basis as to why the communications at issue relate to legal advice rather than the ordinary evaluation of insurance claims. To invoke the attorney-client privilege, Defendant must do more than merely state that the communication related to information by an attorney or in house counsel for the purpose of securing legal advice.

Defendant also specifically addressed paragraphs 19, 22 and 25-29 of its Affidavit and asserts these issues were disposed of during telephone conferences because Defendant's counsel "clearly and unequivocally stated in telephonic conference that those notes were created by in house counsel . . . while acting as *counsel for [Defendant], and not in any adjusting capacity.*" Again, as the court in CSX Transp. Inc., so aptly stated, "[a]t best, such descriptions state, but do not establish, that the communication related to information obtained by the attorney for the purpose of

-6-

providing legal advice;" they do not, however, establish the privileges and protections invoked.  Id. [1]

Although Defendant has previously failed to meet its burden in providing sufficient evidence for a determination with respect to its claim of privilege, this Court will allow Defendant one last opportunity to meet its burden because it understands the importance of protecting legitimately privileged documents.  Therefore, Defendant shall supplement its Affidavit, Second Amended Privilege Log, or both,  with additional evidence necessary to establish all factors of the attorney-client protection, including sufficient factual descriptions rather than conclusory allegations.  Defendant should pay particular attention to providing Plaintiff with detailed facts demonstrating why the documents at issue concern legal advice as opposed to the ordinary business of an insurance company, i.e., that of claim determination.  Defendant shall provide Plaintiff with this evidence by **Monday, February 5, 2007.**  Should Plaintiff's counsel continue to believe Defendant has not met its burden, Plaintiff is directed to attempt in good faith to confer with Defendant, however, Plaintiff must seek any necessary judicial relief pertaining thereto by **February 19, 2007.**

---

[1] As an aside, Defendant repeatedly asserts in its Affidavit that the withheld documents would not have been made but for the contemplation of legal services relating to Defendant's defense against a potential suit and were prepared for the purpose of securing legal advice relating to a potential suit by Plaintiff.  As discussed more fully in the next section, Defendant has not offered sufficient evidence to show that it anticipated a potential lawsuit prior to its denial of Plaintiff's claim on August 4, 2004 and thus, unless Defendant is able to offer more specific details as to the basis for the legal advice rendered, it has not sufficiently shown that the correspondence at issue was not done in the ordinary course of investigating and evaluating Plaintiff's claim.

### ii.     **The Work Product Doctrine**

Defendant next argues it anticipated litigation as early as June 28, 2006, and that its Affidavit sufficiently demonstrates the work product doctrine applies to the documents it withheld on this basis.  Defendant, however, fails to offer any specific evidentiary proof as to why the rebuttable presumption– solidified in Harper v. Auto-Owner Ins. Co., 138 F.R.D. 655, 663 (S.D. Ind. 1991) and recognized by this Court in its prior Order (Doc. 46, p. 14) –  that documents created prior to a claim denial are not work product, should be rebutted in this case.  See Harper, 138 F.R.D at 663 ("It is presumed that a document or thing prepared before a final decision was reached on an insured's claim, and which constitutes part of a factual inquiry into or evaluation of that claim, was prepared in the ordinary and routine course of the insurer's business of claim determination and is not work product.").  Rather, Defendant simply states in its Affidavit that it "was aware of and anticipated a potential suit by St. Joe against Liberty regarding coverage as early as June 24, 2004," and that it sought outside legal counsel to provide advice regarding its defense against a potential suit by Plaintiff as early as July 1, 2006. (Doc. 51-2, pp. 2-3).

As this Court previously stated, "it is up to Defendant to rebut the presumption that any documents produced before the denial of Plaintiff's claim is not work product." (Doc. 46, p. 14); see also Harper, 138 F.R.D. at 663-64. ("[A]nticipation of litigation is presumed unreasonable under the Rule before a final decision is reached on the claim.").  The Harper court noted that defining the type of evidence which would be adequate to overcome the presumption is best left to case by case development;

-8-

however, it also set forth two examples as to the type of evidence which could persuade a court that documents and things produced prior to a claims decision were produced or used solely for litigation. Id. at 664. For example, the Court noted that if an insurer could show either:

> [1] reliable and convincing evidence established the existence of all elements necessary for a good faith claims denial such that it was improbable that any reasonably foreseeable results of later investigations would change that decision (and that only bureaucratic process delayed a final decision); or [2] a complete segregation of the subject documents from the insurer's claims evaluators and decision-makers (e.g., the insurer's counsel ordered the investigations and the results remained isolated in the legal department),

then it may be sufficient to overcome the presumption. Id.

Notably, Defendant fails to offer any evidence at all as to how or why it came to the conclusion that it anticipated litigation as early as June 28, 2006 – approximately one month after Plaintiff submitted its claim. Thus, Defendant has failed to persuade this Court that the documents produced prior to the date Defendant denied Plaintiff's claim, August 4, 2004, are protected by work-product.[2] In the event Defendant believes it can offer such evidence to overcome this presumption, Defendant is instructed to provide Plaintiff with such supplemental evidence regarding each of the documents it withheld under the work product doctrine and the parties are directed to adhere to the schedule ordered by this Court in the discussion above pertaining to the attorney-client privilege.

---

[2] It seems unlikely that a definitive claims determination was made only one month after Plaintiff submitted its claim, but was not put into writing until almost forty days later. The Court, however, will give Defendant one final chance to meet its burden of overcoming this rebuttable presumption.

With respect to documents prepared after the claim denial, the Court is satisfied Defendant had reasonably anticipated litigation at this point and although Defendant must show that the documents were prepared for litigation purposes and not merely in the ordinary course of business, the Court finds Defendant's Affidavit is sufficient to meet its burden on documents created on or after August 4, 2004, and thus such documents are protected by the work product doctrine.

**B.     Requests for Production Nos. 4, 15, 16, and 17**

In its November 22, 2006 Order, this Court required Defendant to provide documents responsive to Plaintiff's Requests for Production Nos. 4, 15, 16, and 17, but only to the extent that the requests seek documents relating to Defendant's general liability and commercial liability policies from 1938 through 1992.  (Doc. 46, p. 4). Plaintiff argues Defendant has changed its tune with respect to its responses to Requests Nos. 4, 15, and 16.  (Doc. 51, p. 11).  Evidently, Defendant is now for the first time representing it has produced all loss runs (requested in Plaintiff's request No. 4,) when it produced its Rule 26 disclosures and such loss runs are also the only documents responsive to Requests Nos. 15 and 16.  Id. at 11-12.  Additionally, Plaintiff represents that Defendant has failed to adjust its Responses to state it has already produced such documents and thus, Plaintiff requests the Court order Defendant to produce such responses.

Defendant argues it has already produced documentation responsive to Requests Nos. 4, 15, and 16 pursuant to its Rule 26 disclosures and as such, Plaintiff's motion relating to these requests is moot.  Based on the correspondence between the

parties and Defendant's response to Plaintiff's Motion, it appears Defendant has already produced the responsive documents.  Thus, Defendant is required to amend its responses to Plaintiff's Requests for Production Nos. 4, 15, and 16[3] by providing the relevant document bates numbers responsive to each of these requests.  If Defendant has any additional documents responsive to these requests which it did not already product to Plaintiff, Defendant shall produce such documents by **January 30, 2007**.

With respect to Plaintiff Request for Production No. 17, Defendant argues this Court did not address such request with the exception of addressing Defendant's general objections and thus, the Court did not overrule all of Defendant's objections to Plaintiff's Request No. 17.  (Doc. 54, p. 9).  As Plaintiff correctly points out, however, Defendant, in its responsive memorandum to Plaintiff's Motion to Compel, only argued the request was overbroad in that it was not limited to general liability coverage from 1938 to 1992.  (Doc. 34, p. 13).   The Court agreed with Defendant's objection and thus ordered it to produce only documents relating to general liability policies, including comprehensive general liability and commercial liability policies, issued by Defendant for the years 1938 through 1992.  (Doc. 46, p. 4).  Any other objection Defendant may have had was considered moot by this Court because Defendant did not address it in its memorandum.  As such, Defendant is ordered to produce all documents responsive to Plaintiff's Request No. 17, to the extent such documents may concern any of

---

[3] Defendant originally stated, in its answers to Plaintiff's Requests for Production Nos. 4, 15, and 16, that it would not respond to such requests.  (Doc. 51, pp. 3-4).

-11-

Defendant's general liability or commercial liability policies for the years 1938 to 1992.[4] Such documents must be produced by **January 30, 2007**.

**C.     Interrogatories Nos. 19-25**

In response to Plaintiff's Motion requesting this Court to compel Defendant to respond to Plaintiff's Interrogatories 19 through 25, this Court stated that "[b]ecause Defendant has represented it has produced all of the relevant general liability forms and because these forms contain the relevant pollution exclusions, the Court finds Defendant has met its burden with respect to Interrogatories 19, 20, 24 and 25." (Doc. 46, p. 16).  The Court also denied Plaintiff's Motion to compel with respect to its Interrogatories Nos. 21 through 23, based on Defendant's objections as well as the fact Defendant represented it had produced the relevant policies to Plaintiff. Id. at p. 14, n. 4. Plaintiff argues, however, that Defendant has not produced forms for more than 40 of the relevant years and thus, Plaintiff again seeks an Order from this Court requiring Defendant to either provide the policy forms it represented it had already produced or to provide substantive answers to Plaintiff's Interrogatories Nos. 19 through 25.  Defendant responds by arguing Plaintiff should have addressed this issue in a reply and that it cannot now meet its burden for a Motion for Reconsideration.[5]

---

[4] Although the Court finds Defendant's other objections asserted in its response to this Motion moot, it does note that Plaintiff's requests could in fact lead to the discovery of relevant and admissible evidence.  Just because the Request may not be limited to the claims files to the Leslie Action, it could lead to the discovery of claims made under some of the relevant general or commercial liability policies and it is conceivable that such evidence could in fact lead to circumstantial evidence of the missing policies.

[5] Defendant should be aware that the Local Rules prevent a party from filing a reply
(continued...)

The Court, however, is concerned about the fact that it may have not had all of the facts in front of it when issuing its Order. Consideration of the parties' correspondence demonstrates that Defendant has provided Plaintiff with policy forms for the years beginning in 1997 through the end of the relationship. (Doc. 54-2, p. 3). Additionally, the correspondence demonstrates that Defendant concluded that such "policies provide the variances in the various 'pollution exclusions.'" Id. Defendant, however, represented to this Court it had produced "the general liability forms, which contain pollution exclusions, for all relevant policy years." (Doc. 36, p. 14) (emphasis added). Defendant never mentioned that the policy forms for all relevant policy years which provide all of the variances of the 'pollution exclusions" only began in 1997. While the Court has no reason to question Defendant's truthfulness on this issue, it must make it clear that if Defendant has not provided Plaintiff with any of the general liability forms, for the years 1938 through 1992, which contain pollution exclusions, then the Court orders Defendant to either produce such forms by **January 30, 2007** or to provide responses to Plaintiff's Interrogatories Nos. 19 through 25.

Accordingly, after due consideration, it is

**ORDERED**:

1.   Plaintiff's Motion to Enforce the Court's Order Dated November 22, 2006 (Doc. 51) is **GRANTED in part** and **DENIED in part** in accordance with this Order.

---

[5](...continued)
memorandum without leave of Court.  Local Rule 3.01(c).

2. This Order shall not serve as a basis for seeking the continuance of any dates established in the Case Management and Scheduling Order or in any Order amending such dates, including the deadline to file dispositive motions.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  16th  day of January, 2007.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party